# Kocher, Appellant, *v.* Delaware, Lackawanna & Western Railroad Company.

*Negligence—Master and servant—Defective appliances—Question for jury—Evidence.*

In an action by an employee against his employer to recover damages
for personal injuries sustained by the plaintiff while at work, where
the defendant claims that the accident was due to the breaking of one
appliance of the dangerous condition of which the plaintiff had notice,
while the plaintiff claims that it was due to the breaking of another
and distinct appliance, and the evidence is conflicting as to the break-
ing of which of the appliances caused the accident, it is reversible error
for the court to give binding instructions for the defendant on the ground
that the plaintiff was guilty of contributory negligence in continuing
his work after he knew of the condition of the defective appliance al-
leged by the defendant to have been the cause of the accident.

Argued April 13, 1908.    Appeal, No. 160, Jan. T., 1907, by
plaintiff, from judgment of C. P. Luzerne Co., Feb. T., 1905,
No. 229, on verdict for defendant in case of Michael J. Kocher
v. Delaware, Lackawanna & Western Railroad Company.    Be-
fore MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEW-
ART, JJ.    Reversed.

Trespass to recover damages for personal injuries.    Before
WHEATON, J.

The facts relating to the accident are stated in the opinion
of the Supreme Court.

The court charged in part as follows:

There are other elements in the case which it will not be
necessary for me at this time to go into, but I feel bound to

declare, after the examination of the law and the testimony which I have made on the plaintiff's side of this case, that under the evidence the plaintiff is guilty of such manifest contributory negligence in remaining where he was in the face of the imminent danger which he knew was threatening him as to prevent him from recovering in this case. .

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was above instruction, quoting it.

*Rush Trescott*, with him *T. R. Martin* and *L. A. Dymond*, for appellant.

*A. H. McClintock*, with him *Arthur Hillman* and *Daniel R. Reese*, for appellee.

OPINION BY MR. JUSTICE STEWART, May 11, 1908:

It is only necessary to refer to such facts in the case as are pertinent to the particular ruling of the court here assigned as error. Plaintiff was engaged along with other workmen in taking down what is known as a head-house, a structure built over a mine shaft. To accomplish this work a gin-pole was employed, by means of which, with the necessary ropes and pulleys, the material of the structure, as it was separated from the building, was lowered to the ground. This pole was about sixty feet in length, and was supported by four guy ropes attached to the top and securely fastened at the other ends. The foot of the pole rested on timbers placed at a considerable elevation, and, as plaintiff was the pole runner, his place was on these timbers, or platform, at the foot of the pole. While a load of material from the head-house was being lowered, and when within a few feet of the ground, the appliance carrying the load from some cause gave way. The witnesses for the plaintiff attributed the mishap to the breaking of the pole; those for the defendant to the breaking of the hook at the top of the pole, by which one of the guy ropes, bearing in this instance the strain of the load, was attached to the pole. The former ascribed the breaking of the pole to its insufficiency because of decay in certain parts; the latter to the circumstance that in falling, after becoming detached from the guy it struck against what is called a cap, and thus

broke. The plaintiff was not struck by the pole; his injuries were received by being thrown from the platform on which he stood by certain ropes in which he became entangled, and which must have carried with them to some extent the force of the falling pole or that of the falling load. Immediately before the accident, and while the load was being lowered, the pole was seen by the plaintiff and· other workmen to bend or buckle, and the danger of the pole breaking was spoken of between them. Both plaintiff and these workmen had seen the pole before it was put in place, and had noticed season checks in it, which made them question its sufficiency for the work. Notwithstanding what plaintiff saw as to the bending of the pole, and notwithstanding one of his fellow workmen had called to him of the danger, he contin· ued at his place at the foot of the pole after he had ample opportunity to get away. The learned trial judge, on this state of the evidence, gave binding instructions for the defendant, on the ground that plaintiff was chargeable with contributory negligence in remaining on the platform on which the pole rested with these indications of danger present. This was error. If the contention of the defendant as to the cause of the appliance giving way was correct—and that was a question of fact exclusively for the jury—then the condition of the pole, and the plaintiff's knowledge of its condition, did not enter into the question of his negligence, and could not be considered. These were elements in the case only in the event of a finding that the collapse of the appliance was occasioned by a defective pole. If occasioned by the breaking of the hook, defendant's contention was that it was absolved from all liability, because such a break could not reasonably have been anticipated. If such circumstance was sufficient to excuse the defendant, it could hardly be used to convict the plaintiff. The logic that would exempt the one from liability would necessarily acquit the other of negligence. The error on the part of the court was in assuming a fact in regard to which there was conflicting evidence. We are not to be understood as saying as matter of law that the plaintiff would be chargeable with contributory negligence, even if the fact were found that the breaking of the pole caused the collapse. All we decide is that so long as the cause of the collapse was

undetermined by the jury, the question of plaintiff's contributory negligence was an open one, and could not be determined by the court. The case required a submission to the jury.

The judgment is reversed and a venire facias de novo awarded.